The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, Arkansas 72201
Dear Mr. McCuen:
This is in response to your request for an opinion on two questions regarding the service of one appointee on the State Board of Election Commissioners. Specifically, you indicate that Act 1092 of 1993, codified at A.C.A. 7-4-101 (Repl. 1993), restructured the State Board of Election Commissioners. Section 7-4-101(c) now states that "Except for the Secretary of State and the County Clerk, no member of the Board shall be an elected public official." You indicate that at the organizational meeting of the Board, and after all members present had taken an oath of office, it was learned that one of the appointees was serving as an alderman in a city with the mayor-council form of government. You have asked the following two questions in this regard:
 1. Would any actions by this person as a Board Member be void ab initio?
 2. Since the person has been sworn in as a member of the Board, may that person serve as a de facto Board Member until a successor is appointed and qualified?
It is my opinion, assuming that the Board member was regularly appointed pursuant to A.C.A. 7-4-101, that he or she is in all likelihood a "de facto" official. As such the actions of such person are not "void ab initio," but rather are "valid and effectual, while he is permitted to retain the office, as though he were an officer by right." Appleby v. Belden Corp., 22 Ark. App. 243, 247, 738 S.W.2d 807 (1987). See also Op. Att'y Gen. 93-031 (copy enclosed).
In response to your second question, it is my opinion that the officer may serve as a de facto board member until his service is challenged in a proper proceeding or until a successor is appointed and qualified, whichever occurs first. See Appleby, supra at 247-248.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure